IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SIGNUM, LLC, a Maryland limited liability company, and<br><br>NATURALAWN OF AMERICA, INC., a Maryland corporation,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>NATURE'S LAWN & GARDEN, INC., a New York corporation,<br><br>　　　　　Defendant. | Case No. 1:22-cv-532 |

## COMPLAINT

Plaintiffs Signum, LLC and NaturaLawn of America, Inc. (collectively, "Plaintiff"), allege the following against Defendant Nature's Lawn & Garden, Inc. ("Defendant").

## PRELIMINARY STATEMENT

1.　Founded in Frederick, Maryland over 30 years ago, Plaintiff has grown so that today it is among the largest lawn care franchisors in Maryland and the United States. Plaintiff operates a lawn care franchised system and sells lawn care products and services directly to the public under the marks NATURLAWN, NATURALAWN, and NATURE'S LAWN.

2.　Defendant is advertising and selling lawn care products to customers in Maryland and elsewhere under the marks NATURE'S LAWN, NATURE'S LAWN & GARDEN and similar marks.

3.　Defendant's use of the NATURE'S LAWN marks is an attempt to trade off Plaintiff's goodwill and reputation and to cause consumers to believe that Plaintiff put out Defendant's lawn care products. Defendant has duplicated Plaintiff stylized design and color

1

scheme. Plaintiff is suffering irreparable injury on account of Defendant's unlawful use of the NATURE'S LAWN mark.

## PARTIES

4. Plaintiff Signum, LLC ("Signum") is a Maryland limited liability company located at 1 East Church Street, Frederick, Maryland.

5. Plaintiff NaturaLawn of America, Inc. ("NLA") is a Maryland corporation located at 1 East Church Street, Frederick, Maryland.

6. Signum and NLA have the same owners and principal place of business. Signum owns the trademarks alleged to be infringed in this action and licenses them to NLA, who in turn uses them itself and sublicenses them to franchisees.

7. Defendant is a New York corporation, with its principal place of business at 100 Los Robles Street, Williamsville, New York 14221.

## JURISDICTION AND VENUE

8. Plaintiff alleges claims for trademark infringement, false designation of origin and unfair competition under federal and Maryland law. The Court has subject matter jurisdiction over the federal claims under 28 U.S.C. §§ 1331 and 1338, and over the state law claims under 28 U.S.C. § 1367.

9. This Court has personal jurisdiction over Defendant because Defendant has purposely directed and established minimum contacts with Maryland and those contacts give rise to this action. Defendant transacts business and engages in a purposeful course of conduct in Maryland under Maryland's long-arm statute, Sections 6-103(b)(1), (b)(3) and (b)(4), and this action arises out of those contacts. Defendant advertises, distributes, and sells products bearing the infringing marks in Maryland, including through its interactive website at **natureslawn.com** and

its Amazon store. Customers located in Maryland purchase lawn care products under Defendant's NATURE'S LAWN mark from Defendant's web site and Amazon store, Defendant's web site allows Maryland customers to purchase products bearing the infringing marks via credit card, Defendant communicates with Maryland customers about their purchases by e-mail, and Defendant ships products bearing the infringing marks to customers in Maryland. Plaintiff is suffering irreparable injury in Maryland, which is the location of its principle place of business, on account of Defendant's conduct that forms the basis for this action and Maryland customers are likely to be confused by Defendant's advertising, promotion, distribution and sale of lawn care products in Maryland under the infringing marks.

10.     Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this district and the Court has personal jurisdiction over Defendant in this district.

**FACTS GIVING RISE TO PLAINTIFF'S CLAIMS**

**I.     Plaintiff and its NATURLAWN Marks**

11.     Since at least the mid 1980's, Plaintiff has continuously used the marks NATURLAWN and NATURALAWN in connection with the advertising, promotion and sale of its lawn care products and services. Plaintiff also uses and has federally registered the mark NATURE'S LAWN. (Collectively, Plaintiff's common law and federally registered mark for NATURLAWN, NATURALAWN and NATURE'S LAWN are referred to as the "NATURLAWN Marks.")

12.     Plaintiff has invested many millions of dollars in advertising and promoting its goods and services under the NATURLAWN Marks.

13. Signum owns federal Registration No. 1,414,588 for NATURLAWN for "lawn care services" in International Class 42 which issued on October 21, 1986 based on an application filed on March 18, 1986.

14. Signum also owns federal Registration No. 2,543,921 for NATURALAWN for "lawn care services, namely organic based fertilizing and biological weed control services and mechanical and cultural renovation practices, namely, providing information regarding planting new turf varieties, proper mowing, watering, and thatching techniques, and pH balance requirements" in International Class 42 and federal Registration No. 2,575,105 (the '105 registration) for NATURALAWN OF AMERICA and Design for "organic based fertilizers for domestic use" in International Class 1, "biological and organic preparations for killing and biological and organic pesticides for domestic use" in International Class 5 and "lawn care services, namely organic based fertilizing and biological weed control services and mechanical and cultural renovation practices, namely, providing information regarding planting new turf varieties, proper mowing, watering, and thatching techniques, and pH balance requirements" in International Class 42. Both of these registrations issued over twenty years ago, based on use in commerce dating back as early as the 1980's. A depiction of the mark in Plaintiff's '105 registration is below, as is an image of how it appears in commerce:





15. Signum's registrations for the NATURLAWN Marks are "incontestable" under the Lanham Act and "conclusive evidence" of Signum's "exclusive right" to use the marks for the lawn care products and services listed in the registrations. 15 U.S.C. §§ 1065, 1115(b). Plaintiff's federal registration for the mark NATURE'S LAWN, Registration No. 5,055,347, for lawn care services constitutes "prima facie evidence" of Signum's "exclusive right" to use that mark in commerce for the services listed in the registration.

16. Plaintiff's NATURLAWN Marks have acquired significant goodwill and are widely recognized. The public associates Plaintiff's NATURLAWN Marks exclusively with lawn care products and services offered by Plaintiff and Plaintiff owns extensive common law rights in the NATURLAWN marks.

II. **Defendant and Its NATURE'S LAWN Marks**

17. After Plaintiff had established its rights to the NATURLAWN Marks, Defendant began to advertise, promote, distribute and sells lawn care product and services under the mark

NATURE'S LAWN, alone and in combination with other word(s), including NATURE'S LAWN & GARDEN, NATURE'S LAWN & GARDEN, INC. (Defendant's NATURE'S LAWN and NATURE'S LAWN-formative marks are collectively referred to as Defendant's "NATURE'S LAWN Marks"). Defendant is also offering lawn care services under the NATURE'S LAWN Marks.

18. In 2020, Defendant filed Application No. 90/221,678 in the United States Patent and Trademark Office ("USPTO") for the mark NATURE'S LAWN THE NATURAL CHOICE and Design based on use in commerce for "fertilizers; soil conditioner in the nature of a liquid soil aerator and clay loosener." Defendant's mark appears as follows in the application:



19. Defendant describes the mark as consisting of "stylized wording NATURE'S LAWN above the wording THE NATURAL CHOICE all on top of a semi-circle and above a design of grass." The USPTO rejected the application holding that Defendant's mark NATURE'S LAWN THE NATURAL CHOICE is confusingly similar to Plaintiff's registered mark for NATURE'S LAWN. In response, Defendant commenced a cancellation proceeding in the USPTO, Trademark Trial and Appeal Board against Plaintiff's Registration No. 5,055,347.

20. In 2021, Defendant also filed Application No. 90/833,500 for NATURE'S LAWN & GARDEN, INC. and Design alleging use for "fertilizers; soil conditioner in the nature of a liquid soil aerator and clay loosener." Defendant's applied-for mark and it's mark as used in commerce are below:

6





21. Defendant describes the mark as consisting of "stylized wording NATURE'S LAWN above the wording & GARDEN, INC. all on top of a semi-circle and above a design of grass."

22. Defendant's NATURE'S LAWN Marks are substantially similar to Plaintiff's NATURLAWN Marks in sight, sound, meaning and overall commercial impression. Defendant has copied the design and color scheme of Plaintiff's stylized mark in the '105 registration, emphasizing the term NATURE'S LAWN in its mark, as set forth below:



23. The parties advertise and sell lawn care products and services in the same channels of trade to the same class of customers and use the same advertising mediums.

7

24. Defendant is using the NATURE'S LAWN Marks to trade off Plaintiff's reputation and confuse consumers into believing that Defendant's products and services are Plaintiff's products and services.

## COUNT 1
### Trademark Infringement, Unfair Competition, and False Designation of Origin
### (15 U.S.C. § 1114(1))

25. Plaintiff re-alleges the allegations in Paragraphs 1 through 24, above.

26. Signum owns incontestable, federally registered marks for NATURLAWN, NATURALAWN, NATURALAWN OF AMERICA and NATURE'S LAWN for lawn care products and services.

27. Defendant's use of the NATURE'S LAWN Marks for lawn care products and services is likely to cause confusion that Defendant's products and services are Plaintiff's products and services or are affiliated, associated or connected with Plaintiff or Plaintiff's NATURLAWN Marks.

28. Plaintiff is suffering irreparable injury due to Defendant's use of the NATURE'S LAWN Marks for lawn care products and services.

## COUNT 2
### Trademark Infringement, Unfair Competition, and False Designation of Origin
### (15 U.S.C. § 1125(a))

29. Plaintiff re-alleges the allegations in Paragraphs 1 through 28, above.

30. Signum owns incontestable federally registered marks for NATURLAWN, NATURALAWN and NATURALAWN OF AMERICA for lawn care products and services.

31. Defendant's use of the NATURE'S LAWN Marks for lawn care products and services is likely to cause confusion that Defendant's products and services are Plaintiff's products

and services or are affiliated, associated or connected with Plaintiff or Plaintiff's NATURLAWN Marks.

32. Plaintiff is suffering irreparable injury due to Defendant's use of the NATURE'S LAWN Marks for lawn care products and services.

## COUNT 3
### Trademark Infringement, Unfair Competition, and False Designation of Origin
### (Maryland Law)

33. Plaintiff re-alleges the allegations in Paragraphs 1 through 32, above.

34. Defendant's use of the NATURE'S LAWN Marks for lawn care products and services is likely to cause confusion that Defendant's products and services are Plaintiff's products and services or are affiliated, associated or connected with Plaintiff or Plaintiff's NATURLAWN Marks.

35. Plaintiff is suffering irreparable injury due to Defendant's use of the NATURE'S LAWN Marks for lawn care products and services.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to:

(i) Permanently enjoin Defendant, including its officers, directors, employees, agents, and all persons acting in concert with it or them, from using Defendant's NATURE'S LAWN Marks, including NATURE'S LAWN, NATURE'S LAWN & GARDEN, INC., NATURE'S LAWN & GARDEN, and all similar marks in connection with the advertising, promotion, distribution or sale of lawn care products and services;

(ii) Order Defendant to withdraw with prejudice Application No. 90/833,500 in the USPTO for NATURE'S LAWN & GARDEN, INC. & Design; and

(iii)   Submit a report under oath and in writing detailing the actions it has taken to comply with the injunction.

Dated: March 4, 2022

By:   */s/Mary D. Hallerman*
John J. Dabney (Bar No. 17795)
Mary D. Hallerman (Bar No. 19132)
SNELL & WILMER L.L.P.
2001 K Street N.W.
Suite 425 North
Washington, D.C. 20006
Phone: (202) 908-4261
jdabney@swlaw.com,
mhallerman@swlaw.com

*Attorney for Plaintiffs Signum, LLC and NaturaLawn of America, Inc.*